# MEMORANDA

OF

## CASES NOT REPORTED IN FULL.

FRITZ GENENZ, an Infant, by Guardian, etc., Appellant, v.
MARY T. De FOREST, Respondent.

*An action for injury from the bite of a dog, harbored by a married woman, is not an
action affecting her separate estate, and her husband must be made a party defendant
thereto, although insane*

Appeal by the plaintiff from a judgment of nonsuit, after a trial
at the Rensselaer Circuit.

The action was brought to recover damages sustained from the
bite of a dog, alleged to have been harbored by the defendant. The
defendant alleged in her answer that she was a married woman,
and proved it on the trial.

The court at General Term said: "In the case of *Fitzgerald* v.
*Quann*, lately decided by the Court of Appeals, affirming the same
case in 33 Hun, 652, the court say that, 'except in cases affecting
her separate property, a married woman should be sued with her
husband.' That was an action for slander. This is an action for
injuries caused by plaintiff's being bitten by a dog, which did not
belong to defendant, but which the proof showed to have been on
premises occupied by her and which the plaintiff claimed to have
been harbored by her. The dog which bit in this case was no more
the woman's separate estate than the tongue which uttered the
slanders in the other. We think that case is decisive of this. If
that case is not quite in harmony with *Rowe* v. *Smith* (45 N. Y.,
230), the later decision should be followed. We think the objec-
tion was sufficiently stated in the answer to allow defendant to avail
herself of it upon the trial.

"The plaintiff urges that the fact that a committee has been
appointed for the husband, and that this defendant is such committee,

takes this case out of the rule as now settled by the Court of Appeals.. We think not. It is remarked in the opinion, in that case, that it is not of very great importance how the question is decided. And it is not worth while to begin to make exceptions to a plain rule." * * *

*Amasa J. Parker*, for the appellant.

*Hungerford & Hotaling*, for the respondent.

Opinion by Learned, P. J.; Landon and Ingalls, JJ., concurred..

Judgment affirmed, with costs.